Elvin I. Tabah (SBN 286369)
etabah@tabahlaw.com
**TABAH LAW, P.C.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: (213) 986-3507
Fax: (213) 261-0875

Attorneys for Plaintiff Christian Yeung

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN YEUNG,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE BUNGALOW HUNTINGTON BEACH, LLC, a limited liability company; OFFICER JOSEPH E. GILES, an individual; OFFICER CAMERON J. HOULSTON, an individual; OFFICER LUCAS PATRICK, an individual; HUNTINGTON BEACH POLICE DEPARTMENT, a public entity; and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. 8:23-cv-01573-JWH-DFM<br><br>(Honorable John W. Holcomb, Courtroom "9D")<br><br>**JOINT RULE 26(f) REPORT**<br><br><br><br>Motion Cut-Off:　　Not Set<br>Discovery Cut-Off:　Not Set |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff Christian Yeung (hereinafter "Plaintiff") and Defendants Huntington Beach Police Department, Joseph Giles, Cameron Houlston, and Lucas Patrick (hereinafter "Defendants"), by and through their undersigned counsel hereby jointly submit this Rule 26(f) case management plan.

**a. Statement of the case. A short synopsis (not to exceed two pages)**

**Defendants' Statement:**

Defendants Huntington Beach Police Department, Joseph Giles, Cameron Houlston, and Lucas Patrick dispute Plaintiff's allegations in their entirety and contend that Plaintiff was lawfully seized and arrested. Defendant Huntington Beach Police Department also disputes Plaintiff's claim under Monell since there was no existing policy, practice, or custom that caused the alleged constitutional violation at issue at the time of the incident.

**Plaintiffs' Statement**

Plaintiff Christian Yeung was at the Bungalow in Huntington Beach when he was assaulted and battered by bouncers and security personnel of defendant THE BUNGALOW HUNTINGTON BEACH, LLC. As a result of his battering, Plaintiff called the police Defendant Officers Joseph E. Giles, Officer Cameron J. Houlston, and Officer Lucas Patrick arrived at the scene. Without conducting a proper

investigation, without conducting a breathalyzer and without conducting any field sobriety tests, these officers arrested Plaintiff for violation of 647(f)—being drunk in public.  Ultimately, Plaintiff was booked in the County Jail and charged with 647(f) pc—drunk in public and violation of penal code 242 pc—battery on a person, even though Plaintiff was the one who was battered.  The Huntington Beach Police Department had an informal policy, practice, and custom of encouraging its officers to arrest individuals for violations of section 647(f) without sufficient evidence of intoxication, as a way of streamlining arrests of citizens and avoiding the preparation of complete and accurate police reports. Additionally, the Huntington Beach Police Department had an informal policy, practice, and custom of taking individuals into custody who are arrested for public intoxication without performing tests to verify whether the individuals are actually intoxicated, are a danger to themselves or other, are not suffering from a mental health emergency, and are not victims.  Plaintiff has suffered damages as a result of the Defendants' actions.

**b.  Subject Matter Jurisdiction.**

This action is a civil action of which the United States District Court has original jurisdiction, pursuant to 28 U.S.C. section 1331, over claims brought under the 42 U.S.C. section 1983 and the federal Constitution.

**c.  Legal Issues:**

1. Did Defendants Joseph Giles, Cameron Houlston, and Lucas Patrick have probable cause to arrest Plaintiff at the time of the incident?

2. Did Defendant Huntington Beach Police Department have a policy, practice, or custom that caused the constitutional violations alleged in the Complaint?

3. Did patrons or security of the Bungalow assault and batter Plaintiff?

4. Did the Bungalow Huntington Beach, LLC negligently train, supervise, or retain its security guard and bouncers?

**d. Parties, and Non-Party Witnesses:**

The witnesses known to the parties and believed to have relevant information regarding the incident and events giving rise to this litigation are as follows:

Plaintiff Christian Yeung

Defendant Joseph Giles

Defendant Cameron Houlston

Defendant Lucas Patrick

Defendant Bungalow Huntington Beach, LLC

Justin Bell

Kent Hughes

HBPD Officer Aaron Ecsedy

HBPD Officer Richard Chen

e. **Damages**:

Plaintiff claims general damages for pain, suffering, and severe mental and emotional distress in an amount to be proven at trial. Plaintiff also claims economic damages, medical expense, and compensatory damages from defendant The Bungalow Huntington Beach, LLC

**Insurance:**

**Defendants:**

Defendants Huntington Beach Police Department, Joseph Giles, Cameron Houlston, and Lucas Patrick are self-insured up to $1,000,000 and have supplemental/excess insurance through the Big Independent Cities Excess Pool ("BICEP").

**Motions:**

**Plaintiff:** Plaintiff may file a motion to amend the pleadings if additional names of defendants arrive. Plaintiff may also file a motion to amend the pleading to correct any deficiencies resulting from the Court's ruling on the Defendant the Bungalow Huntington Beach, LLC's motion to dismiss.

**Defendants**:

Defendants Huntington Beach Police Department, Joseph Giles, Cameron Houlston, and Lucas Patrick do not anticipate filing any motion to add parties, claims, or to amend the pleadings. Defendants Huntington Beach Police Department, Joseph

Giles, Cameron Houlston, and Lucas Patrick anticipate filing a Motion for Summary Judgment following the completion of discovery.

**Manual for Complex Litigation**

The parties agree that this is not a complex case. The parties do not believe that the procedures of the Manual for Complex Litigation should be utilized in this action.

**f.  Status of Discovery**

The parties have yet to engage in discovery but will commence those efforts following the early meeting of counsel. The parties have agreed to exchange initial disclosures on or before December 15, 2023, pursuant to Federal Rules of Civil Procedure Rule 26.

**Discovery Plan**

The parties agree that discovery should be conducted consistent with the Federal Rules of Civil Procedure unless otherwise specific or modified by stipulation or Court order. The parties intend to serve written discovery regarding the incident and Plaintiff's alleged damages, including Interrogatories, Requests for Production of Documents, and Requests for Admission. The parties anticipate that depositions will be taken of each party and each non-party witness who was present during the incident, and of witnesses with relevant information regarding Plaintiff's alleged damages.

**Discovery Cut-Off**

The parties propose a fact discovery cutoff date of July 8, 2024

**Expert Discovery**

The parties propose the following deadlines relating to expert discovery:

Initial disclosure date: August 5, 2024

Rebuttal expert disclosure: August 26, 2024

Expert discovery cut-off: September 16, 2024

   g.  **Settlement/Alternative Dispute Resolution (ADR):**

**Settlement/Alternative Dispute Resolution**

      The parties have yet to engage in formal settlement discussions. The parties, having consulted with their respective clients, indicate their preference is to appear before a neutral selected from the Court's Mediation Panel [ADR Procedure No. 2]. The parties believe that any mediation should take place following the completion of all fact discovery and would request that the deadline to complete a settlement proceeding be set for some period after the fact discover cutoff. The parties would also reserve the right to attend private mediation in addition to the settlement procedure selected above.

**Trial Estimate/Jury Trial**

      The parties, having consulted on the issue, and in light of the nature of the lawsuit, the issues involved, and the amount of anticipated witnesses, estimate that

five court days will be needed for trail in this matter. All parties request a jury trial with a proposed date of November 4, 2024.

**Trial Counsel**

Trial Counsel for Defendants Huntington Beach Police Department, Joseph Giles, Cameron Houlston, and Lucas Patrick will be Senior Deputy City Attorney Ryan Lumm from the City of Huntington Beach – Office of the City Attorney.

Trial Counsel for Plaintiff Christian Yeung will be Elvin Tabah of Tabah Law, P.C.

**Independent Expert or Master**

The parties agree that this is not a case where the Court should consider appointing a master or an independent scientific expert pursuant to the Federal Rules of Civil Procedure Rule 53.

**Other Issues**

None.

**Patent Cases**

This case does not involve any patent.

**Whether the Parties Wish to Have A Magistrate Judge Preside**

The Parties do not consent to have a United States Magistrate Judge preside over this action.

Respectfully submitted,

DATED: November 18, 2023					TABAH LAW, P.C.

									By: *s/Elvin I. Tabah*
									ELVIN I. TABAH
									Attorneys for Plaintiff Christian Yeung

DATED: November 18, 2023					MICHAEL E. GATES, City Attorney

									By: *s/Ryan Lumm*
									RYAN E. LUMM
									Sr. Deputy City Attorney
									Attorneys for Defendants Huntington Beach Police Department, Officer Joseph E. Giles, Officer Cameron J. Houlston, and Officer Lucas Patrick