Rebecca M. Gabroy (State Bar No. 303824)
rgabroy@wshblaw.com
Sarah Stilz (State Bar No. 306617)
sstilz@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Phone: 949-757-4500 ♦ Fax: 949-757-4550

Attorneys for THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| CHRISTIAN YEUNG,<br><br>   Plaintiff,<br><br>   v.<br><br>THE BUNGALOW HUNTINGTON BEACH, LLC a limited liability company; OFFICER JOSEPH E. GILES, an individual; OFFICER CAMERON J. HOULSTON, an individual; HUNTINGTON BEACH POLICE DEPARTMENT, a public entity; and DOES 1-20l, inclusive,<br><br>   Defendants. | Case No. 8:23-cv-01573 MWC (DFMx)<br><br>Assigned for All Purposes to Hon. Michelle Williams Court<br><br>**DEFENDANT THE BUNGALOW HB, LLC DBA THE BUNGALOW HUNTINGTON BEACH, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: September 15, 2025 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Central District Local Rule 16-4, Defendant, for THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC ("The Bungalow") hereby submits the following Memorandum of Contentions of Fact and Law.

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I. INTRODUCTION

Plaintiff CHRISTIAN YEUNG ("Plaintiff") alleges that on May 30, 2021, he was assaulted and battered by security guards working outside of The Bungalow, an establishment located in Huntington Beach, California. Plaintiff further alleges that as a result of an altercation between himself and security guards working outside of The Bungalow, the Huntington Beach Police Department ("HBPD") was called and responded to the scene, at which time the HBPD allegedly falsely arrested Plaintiff for being intoxicated in public and deprived him of his right to unreasonable search and seizure.

As to The Bungalow, Plaintiff's Complaint alleges causes of action for (1) Assault; and (2) Battery.

While Plaintiff filed his action in May of 2023, he did not serve any written discovery on The Bungalow until May of 2025, just weeks shy of the discovery cutoff. In July 2025, after reviewing The Bungalow's responses to initial written discovery, which reflected that the security guards involved in the May 30, 2021 incident were not employees of The Bungalow and were rather employees of a third-party vendor, ATF Private Security, Plaintiff sought to amend his Complaint to add additional causes of action and defendants – the identities of which were known to Plaintiff from the outset of this action.

Ultimately, Plaintiff's motion was denied this Court. The Honorable Michelle Williams Court noted in her Minute Order that Plaintiff's proposed amendment of additional claims was unduly delayed. As to Plaintiff's proposed addition of named defendants, Judge Court noted that Plaintiff was at fault for waiting until the late stages of the action to conduct necessary discovery, and denied Plaintiff's motion to add ATF Private Security as a party to the action.

/ / /

/ / /

## II. THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]

### A. Summary of Plaintiff's Claims Against The Bungalow

#### 1. Claim No. 1: Assault

##### (a) Elements for Claim No. 1

To establish a claim for assault against an entity, Plaintiff must first establish assault against the purported employee. The elements include (1) intent to cause apprehension or harm; (2) reasonable apprehension of imminent harm; (3) lack of consent; (4) actual harm; and (5) causation. Plaintiff must then connect the purported employees conduct to the corporate entity through theories of vicarious liability, negligent hiring, and/or negligent retention or supervision. All such theories of liability require that the person committing the assault be an employee of the corporate entity to hold the entity liable for the person's actions.

##### (b) Brief Description of Key Evidence in Opposition to Plaintiff's Claims

The Bungalow contends that Plaintiff cannot meet his burden of proof on the necessary elements to establish this claim.

Plaintiff, a former patron of The Bungalow, exited the establishment on his own volition on May 30, 2021, in an attempt to assist a friend of his in bypassing the line to enter the establishment. Plaintiff confronted a third-party security guard working outside The Bungalow and offered a monetary bribe in exchange for Plaintiff's friend's ability to bypass the line and advance to the front. The security guard declined Plaintiff's bribe and refused to allow Plaintiff's friend to bypass the line. Plaintiff was unwilling to take no for an answer, and offered more money as a bribe, insisting that his friend be allowed to bypass the line. At that point, Plaintiff was asked to leave the exterior porch in front of The Bungalow, as his conduct was inappropriate. Plaintiff refused to leave, and his interactions with the third-party security guard escalated to an altercation, at which time another third-party security guard became involved and 911 was called. The two security guards who interacted

1 with Plaintiff on the night of May 30, 2021 were employees of ATF Private
2 Security, a third-party vendor with which The Bungalow contracted for security
3 services on the exterior of the establishment. Plaintiff cannot establish the requisite
4 link between the third-party security guards and The Bungalow, as neither security
5 guard was an employee or agent of The Bungalow. Furthermore, under the doctrine
6 of non-delegable duty with respect to third party contractors, Plaintiff cannot show
7 that the Bungalow had any advance knowledge that the third-party vendor's agents,
8 had any violent tendencies wherein the alleged assault would be "foreseeable" to the
9 Bungalow. Thus, Plaintiff cannot sustain this claim.

### 2. Claim No. 2: Battery

#### (a) Elements for Claim No. 2

To establish a claim for assault against an entity, Plaintiff must first establish assault against the purported employee. The elements include (1) an act by a person; (2) intent to cause contact with the plaintiff; (3) harmful or offensive contact with the plaintiff; and (4) causation. Similar to a cause of action for assault, as discussed above, Plaintiff must then connect the purported employees conduct to the corporate entity through theories of vicarious liability, negligent hiring, and/or negligent retention or supervision. All such theories of liability require that the person committing the assault be an employee of the corporate entity to hold the entity liable for the person's actions.

#### (b) Brief Description of Key Evidence in Opposition to Plaintiff's Claims

The Bungalow contends that Plaintiff cannot meet his burden of proof on the necessary elements to establish this claim.

Plaintiff, a former patron of The Bungalow, exited the establishment on his own volition on May 30, 2021, in an attempt to assist a friend of his in bypassing the line to enter the establishment. Plaintiff confronted a third-party security guard working outside The Bungalow and offered a monetary bribe in exchange for

1 Plaintiff's friend's ability to bypass the line and advance to the front. The security
2 guard declined Plaintiff's bribe and refused to allow Plaintiff's friend to bypass the
3 line. Plaintiff was unwilling to take no for an answer, and offered more money as a
4 bribe, insisting that his friend be allowed to bypass the line. At that point, Plaintiff
5 was asked to leave the exterior porch in front of The Bungalow, as his conduct was
6 inappropriate. Plaintiff refused to leave, and his interactions with the third-party
7 security guard escalated to an altercation, at which time another third-party security
8 guard became involved and 911 was called. The two security guards who interacted
9 with Plaintiff on the night of May 30, 2021 were employees of ATF Private
10 Security, a third-party vendor with which The Bungalow contracted for security
11 services on the exterior of the establishment. Plaintiff cannot establish the requisite
12 link between the third-party security guards and The Bungalow, as neither security
13 guard was an employee or agent of The Bungalow. Furthermore, under the doctrine
14 of non-delegable duty with respect to third party contractors, Plaintiff cannot show
15 that the Bungalow had any advance knowledge that the third-party vendor's agents,
16 had any violent tendencies wherein the alleged battery would be "foreseeable" to the
17 Bungalow. Thus, Plaintiff cannot sustain this claim.

### B. Summary of The Bungalow's Affirmative Defenses

#### 1. First Affirmative Defense: Failure to State a Claim

20 The Bungalow alleges that Plaintiff's First Amended Complaint and each
21 cause of action set forth therein fails to state sufficient facts to constitute a cause of
22 action against The Bungalow. As discussed above in Section II(A), Plaintiff has no
23 evidence to substantiate his causes of action against The Bungalow.

##### (a) Elements Required for Defense

25 This defense does not require The Bungalow to prove any elements to
26 establish this defense. Rather, this defense asserts that Plaintiff has failed to
27 establish essential elements of his own claims. See *Zivkovic v. S. California Edison*
28 *Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)(discussing "defense which demonstrates

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

1  that plaintiff has not met its burden of proof" and that "negates an element that
2  [plaintiff] was required to prove").

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

### 2. Second Affirmative Defense: Good Faith Actions

The Bungalow acted in good faith and did not directly or indirectly perform any acts which would constitute a violation of rights possessed by Plaintiff. Further, to the extent it is found that The Bungalow owed Plaintiff a duty, it did not breach such duty.

### (a) Elements Required to Establish Affirmative Defense

This defense does not require The Bungalow to prove any elements to establish this defense. Rather, this defense asserts that Plaintiff has failed to establish essential elements of their own claims. See *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)(discussing "defense which demonstrates that plaintiff has not met its burden of proof" and that "negates an element that [plaintiff] was required to prove"). Breach s an element of Plaintiff's claims, which Plaintiff must prove to prevail on such claims.

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

### 3. Third, Sixth, Eighth, Ninth, Twelfth, Thirteenth, and Fourteenth, and Sixteenth Affirmative Defenses: Negligence of Third Parties, Plaintiff's Failure to Exercise Due Care, Plaintiff's Own Wrongful Acts, Acts or Omissions of Third Parties, Intentional Conduct of Third Parties, Contributory Negligence, Other Party or Parties, and Plaintiff's Own Conduct

If it should be found that The Bungalow is in any manner legally responsible for the alleged damages, if any, sustained by Plaintiff, which supposition is denied and merely stated for the purpose of this affirmative defense, The Bungalow contends that any injuries or damages found to have been incurred or suffered by Plaintiff in this action, were proximately caused or contributed to by others in this case by other persons or entities not parties to this action, and/or by Plaintiff himself, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities whether parties to this action or not, be determined and pro-rationed and that any judgment that might be rendered against The Bungalow be reduced not only by the degree of comparative negligence found to exist as to Plaintiff but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities, including Plaintiff.

### (a) Elements Required to Establish Affirmative Defenses

This doctrine is not a defense to liability, but rather a principle for allocating damages when the Plaintiff's own conduct is "a legally contributing cause cooperating with the negligence of the defendant in bringing about the plaintiff's harm." *Knight v. Jewett* (1992) 3 Cal. 4th 296, 304¬06 (citations and quotation marks omitted).

Comparative Fault reduces or eliminates The Bungalow's liability if: other tortfeasors were negligent or at fault; and this negligence was a substantial factor in causing Plaintiff's harm. CACI 406 / CACI 1207(B): *Daly v. General Motors Corp.* (1978) 20. Cal. 3d 725, 737.

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

/ / /

### 4. Fourth and Fifth Affirmative Defenses: Causation

The injuries and damages of which Plaintiff complains, were not caused by any action or inaction of The Bungalow, thus barring Plaintiff from any recovery against The Bungalow.

#### (a) Elements Required to Establish Affirmative Defense

Causation is an element of Plaintiff's claims, which Plaintiff must prove to prevail on his claims.

#### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b), and Plaintiff's medical records from orthopedic health care providers with whom Plaintiff purportedly began treating in 2025, nearly four years after the incident at issue.

### 5. Seventh Affirmative Defense: Failure to Mitigate Damages

Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered, and his right to recover against Bungalow should be reduced and/or eliminated by such failure.

#### (a) Elements Required to Establish Affirmative Defense

The elements of this defense are as follows: (1) Plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated. (See, *Ninth Circuit Manual of Model Civil Jury Instructions*, No. 5.3.) If The Bungalow is found responsible for the original harm, Plaintiff is not entitled to recover damages for harm that The Bungalow proves Plaintiff could have avoided with reasonable efforts or expenditures. Factors considered are the reasonableness of Plaintiff's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk of hardship. (CACI 3930.)

/ / /

/ / /

#### (b) Brief Description of Key Evidence in Support

The Bungalow disputes the nature and extent of Plaintiff's claimed injuries and/or damages. The Bungalow further contends that Plaintiff failed to mitigate his damages in failing to timely seek medical treatment through his insurance provider and by receiving unreasonable treatment for his alleged incident-related injuries at an unreasonable cost.

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b), and Plaintiff's medical records from orthopedic health care providers with whom Plaintiff purportedly began treating in 2025, nearly four years after the incident at issue.

### 6. Eleventh Affirmative Defense: Lack of Ratification

The Bungalow did not ratify or consent to any person committing any alleged assault and/or battery upon Plaintiff, and therefore is not liable to Plaintiff for such claims.

#### (a) Elements Required to Establish Affirmative Defense

The Bungalow must show that the person engaging in the alleged assault and/or battery was not an employee of The Bungalow.

#### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b).

### 7. Fifteenth Affirmative Defense: Speculative Damages

Plaintiff has failed to allege special damages with requisite specificity.

#### (a) Elements Required to Establish Affirmative Defense

There are no elements for this defense.

#### (b) Brief Description of Key Evidence in Support

The Bungalow disputes the nature and extent of Plaintiff's claimed injuries damages. The Bungalow further contends that Plaintiff failed to mitigate his damages in failing to seek medical treatment through his insurance provider and by

receiving unreasonable treatment for his alleged incident-related injuries at an unreasonable cost.

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b), and Plaintiff's medical records from orthopedic health care providers with whom Plaintiff purportedly began treating in 2025, nearly four years after the incident at issue.

### 8.     Eighteenth Affirmative Defense: Waiver

Plaintiff's First Amended Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

#### (a)     Elements Required to Establish Affirmative Defense

There are no elements for this defense.

#### (b)     Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

### 9.     Nineteenth Affirmative Defense: Punitive Damages Unconstitutional

The imposition of exemplary or punitive damages in this matter would violate The Bungalow's right to due process of law in violation of both the United States Constitution and California Constitution.

#### (a)     Elements Required to Establish Affirmative Defense

There are no elements for this defense.

#### (b)     Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

### 10.     Twentieth Affirmative Defense: Unreasonable Medical Costs

The charges for Plaintiff's claimed medical treatment are unreasonable.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

39347302.1:10626-0155     -10-     Case No. 8:23-cv-01573 MWC (DFMx)
DEFENDANT THE BUNGALOW HB, LLC DBA THE BUNGALOW HUNTINGTON BEACH, LLC'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**(a)    Elements Required to Establish Affirmative Defense**

There are no elements for this defense.

**(b)    Brief Description of Key Evidence in Support**

The Bungalow disputes the nature and extent of Plaintiff's claimed injuries damages. The Bungalow further contends that Plaintiff failed to mitigate his damages in failing to seek medical treatment through his insurance provider and by receiving unreasonable treatment for his alleged incident-related injuries at an unreasonable cost.

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b), and Plaintiff's medical records from orthopedic health care providers with whom Plaintiff purportedly began treating in 2025, nearly four years after the incident at issue. The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

**11.    Twenty-First Affirmative Defense: Fair Responsibility Act**

The liability of The Bungalow, if any, for the amount of non-economic damages, if any, should be limited pursuant to the Fair Responsibility Act of 1986, section 1430, et seq. of the Civil Code, in direct proportion to The Bungalow's percentage of negligence or fault, if any.

**(a)    Elements Required to Establish Affirmative Defense**

There are no elements for this defense.

**(b)    Brief Description of Key Evidence in Support**

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

**12.    Twenty-Second Affirmative Defense: Plaintiff's Responsibility for Defense Fees and Costs**

Plaintiff's First Amended Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without a good faith

belief that there was a justifiable controversy under the facts and the law to warrant the filing of said First Amended Complaint against The Bungalow.

### (a) Elements Required to Establish Affirmative Defense

There are no elements for this defense.

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

## 13. Twenty-Third Affirmative Defense: Failure to Join Necessary Parties

Plaintiff has failed to join necessary and indispensable parties to this action, including security guards Justin Bell and Kent Hughes, as well as entity ATF Private Security.

### (a) Elements Required to Establish Affirmative Defense

There are no elements for this defense.

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

## 14. Twenty-Fourth, Twenty-Fifth, and Twenty-Sixth Affirmative Defenses: Information Later Discovered and Affirmative Defenses of Other Defendants

The Bungalow preserves additional affirmative defenses based on later-discovered information and adopts and incorporates by reference all affirmative defenses asserted by other defendants in this action.

### (a) Elements Required to Establish Affirmative Defense

There are no elements for this defense.

### (b) Brief Description of Key Evidence in Support

See The Bungalow's Key Evidence in Opposition to Plaintiff's claims, *supra*, Section II (A)(1)-(3)(b). The Bungalow reserves any and all rights with respect to the presentation of evidence at the time of trial.

### III. EVIDENTIARY ISSUES [L.R. 16-4.2(h)]

The Bungalow has filed motions in *limine* to preclude Plaintiff's use of reptile theory arguments and evidence, to exclude evidence of The Bungalow's financial condition and insurance, to preclude expert opinions not timely disclosed by Plaintiff, to preclude dollar amounts during *voir dire*, and to exclude any reference to discrimination against Plaintiff by The Bungalow.

The Bungalow further anticipates seeking leave of this Court to file additional motions in *limine* to preclude lay testimony by Plaintiff, exclude lay witness testimony, exclude hearsay, and exclude causation opinions by treating providers.

### IV. IDENTIFICATION OF ISSUES OF LAW [L.R. 16-4.1(i)]

California law applies to the substantive legal issues.

### V. BIFURCATION OF ISSUES [L.R. 16-4.3]

Not applicable.

### VI. JURY TRIAL [L.R. 16-4.4]

This matter is currently scheduled as a jury trial.

### VII. ATTORNEYS' FEES [L.R. 16-4.5]

Attorneys Fess are not recoverable under any cause against the Bungalow.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VIII. ABANDONMENT OF ISSUES [L.R. 16-4.6]

The Bungalow will withdraw the following affirmative defense and will not be presenting them at trial: Tenth Affirmative Defense: Statute of Limitations; Seventeenth Affirmative Defense: Unreasonable Waiting Period.

DATED: August 15, 2025

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
REBECCA M. GABROY
SARAH STILZ
Attorneys for THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC

# PROOF OF SERVICE

**Yeung, Christian v. The Bungalow Huntington Beach, LLC, et al.**
**Case No. 30-2023-01328339-CU-CR-CJC**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On August 15, 2025, I served the following document(s) described as **DEFENDANT THE BUNGALOW HB, LLC DBA THE BUNGALOW HUNTINGTON BEACH, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 15, 2025, at Los Angeles, California.

/s/ Yareem G. Lopez
Yareem G. Lopez

SERVICE LIST
**Yeung, Christian v. The Bungalow Huntington Beach, LLC, et al.**
**Case No. 30-2023-01328339-CU-CR-CJC**

| | |
|---|---|
| CHRISTIAN YEUNG<br>P.O. Box 21015<br>Los Angeles, CA 90021<br>P: (626) 393-3313<br>Email: christianyeung@hotmail.com<br>**Plaintiff in Pro Per** | Andrew Kornoff<br>Office of the City Attorney – City of Huntington Beach<br>2000 Main St, P.O. Box 190<br>Huntington Beach, CA 92648<br>Tel: (714) 536-5555 / Fax: (714) 374-1590<br>Email: andrew.kornoff@surfcity-hb.org<br>**Attorneys for Defendants, HUNTINGTON BEACH POLICE DEPARTMENT, OFFICER JOSEPH E. GILES, OFFICER CAMERON J. HOULSTON and OFFICER LUCAS PATRICK** |