Rebecca M. Gabroy (State Bar No. 303824)
rgabroy@wshblaw.com
Sarah Stilz (State Bar No. 306617)
sstilz@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Phone: 949-757-4500 ♦ Fax: 949-757-4550

Attorneys for THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN YEUNG,<br><br>　　　Plaintiff,<br><br>vs.<br><br>THE BUNGALOW HUNTINGTON BEACH, LLC, a limited liability company; OFFICER JOSEPH E. GILES, an individual; OFFICER CAMERON J. HOULSTON, an individual; OFFICER LUCAS PATRICK, an individual; HUNTINGTON BEACH POLICE DEPARTMENT, a public entity; and DOES 1-20, inclusive.<br><br>　　　Defendants. | Case No.: 8:23-cv-01573 MWC (DFMx)<br><br>**DEFENDANT, THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE USE OF UNDISCLOSED EVIDENCE**<br><br>**Date:　September 5, 2025**<br>**Time:　10:00 a.m.**<br>**Loc.:　Ctrm 6B**<br>**Judge:　Hon. Douglas F. McCormick** |

　　　Defendant, THE BUNGALOW HUNTINGTON BEACH, LLC hereby submits the following opposition to Plaintiff CHRISTIAN YEUNG's Motion to Preclude the Bungalow from Using Undisclosed Evidence Under Rule 37(c) (the "Motion").

## I. INTRODUCTION

As this Court is aware, this is a civil assault and battery case being advanced by Plaintiff CHRISTIAN YEUNG against Defendant THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC ("The Bungalow"). Plaintiff also brings constitutional claims against co-defendants HUNTINGTON BEACH POLICE DEPARTMENT and its Officers.

With respect to discovery, despite having filed this action in May of 2023, Plaintiff did not serve any written discovery whatsoever on The Bungalow until May of 2025, just weeks shy of the discovery cutoff. The Bungalow then served substantive responses to Plaintiff's various discovery requests. In July of 2025, after reviewing The Bungalow's discovery responses which reflected that security guards Justin Bell and Kent Hughes were not employees of The Bungalow but were rather employees of third-party security vendor, ATF Private Security, Plaintiff sought to amend his Complaint to add additional parties, causes of action, and theories of liability against The Bungalow. Ultimately, Plaintiff's motion was denied by this Court. The Hon. Michelle Williams Court noted in her Minute Order that Plaintiff's proposed amendment of additional parties and claims was untimely, as Plaintiff himself failed to timely conduct necessary discovery by waiting until May 2025 to serve his first set of written discovery on The Bungalow.

Plaintiff now seeks to preclude all evidence not disclosed by The Bungalow through formal disclosures. However, as will be demonstrated below, Plaintiff is in possession of all information and evidence known by The Bungalow and intended to be produced at trial and cannot establish any prejudice as to the methods of disclosure. In sum, The Bungalow has disclosed to Plaintiff the witnesses and documentary evidence it intends to produce at trial and has provided such information and documents through its responses to Plaintiff's written discovery requests, which were belatedly served in this action. Thus, Plaintiff is in possession

of The Bungalow's disclosures and cannot preclude The Bungalow from presenting any information and/or documents contained within such disclosures, at trial.

## II. THE BUNGALOW ACTIVELY PARTICIPATED IN DISCOVERY

Plaintiff concedes in the Motion that The Bungalow participated not only in Plaintiff's deposition, but also in written discovery, which reflects The Bungalow's active litigation efforts. Not only did The Bungalow provide substantive responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents, The Bungalow also served further responses when warranted and upon the discovery of additional responsive information and documents. The names of witnesses known to The Bungalow were disclosed in The Bungalow's initial and further responses to Plaintiff's Interrogatories, as well as the parties' proposed Joint Witness List which was circulated via email on July 25, 2025. As to documentary evidence, such documents were not only disclosed via the parties proposed Joint Exhibit List which was circulated via email on July 25, 2025, but was also disclosed by way of The Bungalow's document production in connection with its Further Responses to Plaintiff's Request for Production of Documents, Set One.

To date, The Bungalow has disclosed all evidence and documents in its possession, custody, and control, and has clearly indicated to Plaintiff which evidence and documents The Bungalow intends to introduce at trial. As the Honorable Michelle Williams Court pointed out in her July 29, 2025 Minute Order, Plaintiff is responsible for any alleged delay in discovery, as he waited until just prior to the close of discovery to ever serve written discovery on The Bungalow. As a result of his own delay, he prevented himself from obtaining evidence and information in a timely fashion and therefore prevented himself from the timely addition of necessary parties to this action, including security vendor ATF Private Security, the employer of involved security guards Justin Bell and Kent Hughes. The Bungalow should not be punished for Plaintiff's failure to pursue discovery in a

Case 8:23-cv-01573-MWC-DFM   Document 137   Filed 08/20/25   Page 4 of 9   Page ID #:1713

timely fashion, particularly when the identities of the security guards were known to Plaintiff since nearly the outset of this litigation.

### III. EVIDENTIARY PRECLUSION IS NOT AUTOMATIC

Plaintiff repeatedly contends that preclusion is "automatic" under Rule 37(c)(1) unless The Bungalow meets its burden, relying on one interpretation of "Yeti by Molly." The rule quoted, however, states a party "is not allowed to use" undisclosed information "unless the failure was substantially justified or harmless"; this leaves discretion for the court, with the possibility for The Bungalow to show harmlessness or substantial justification—even if preclusion is the default.

Plaintiff presents no viable argument that The Bungalow's conduct caused actual, not hypothetical, prejudice to Plaintiff, nor does Plaintiff discuss whether a less severe sanction than total preclusion would remedy a late disclosure, if any. Further, as set forth above, the parties exchanged proposed Joint Witness and Joint Exhibit lists on July 25, 2025, at which time all witnesses and documents intended to be presented at trial by The Bungalow were made known to Plaintiff. Moreover, to the extent that Plaintiff argues that the Services Agreement between The Bungalow and ATF Private Security cannot be introduced as evidence, such argument is irrelevant as Plaintiff bears the burden of proving that the involved security guards were agents or employees of The Bungalow, and the Services Agreement proves the opposite.

The preclusion of evidence and documents in this action is not warranted and should not be ordered by this Court, as Plaintiff failed to timely engage in meaningful discovery of evidence to support his case, and notwithstanding Plaintiff's own undue delay, The Bungalow made necessary disclosures via discovery responses and mutual exchange between the parties, including Plaintiff.

/ / /
/ / /
/ / /

39397512.1:10626-0155   -4-   Case No. 8:23-cv-01573 MWC (DFMx)
DEFENDANT, THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE USE OF UNDISCLOSED EVIDENCE

## IV. PLAINTIFF CANNOT DEMONSTRATE ANY PREJUDICE

Plaintiff asserts unfair prejudice because Plaintiff purportedly could not evaluate The Bungalow's witnesses or evidence, but does not identify any specific missed opportunity, discovery effort, or unique witness/evidence that was withheld, aside from general "asymmetry." Importantly, as set forth above and in the July 29, 2025 Minute Order issued by the Hon. Michelle Williams Court, Plaintiff caused an undue delay in discovery in this action by failing to propound written discovery on The Bungalow until May 2025, just shy of the discovery cutoff and nearly two years after the filing of this action in May 2023. Had Plaintiff timely participated in written discovery and sought the discovery of evidence and witnesses to support his contentions and claims, Plaintiff would have discovered that Justin Bell and Kent Hughes are employees of third-party security vendor, ATF Private Security, and would have had ample opportunity to add any additional necessary parties and/or theories of liability to this action. Plaintiff did not do so, and his motion to amend the Complaint was denied by this Court, leaving only Assault and Battery causes of action against The Bungalow without any cause of action for Vicarious Liability or Negligent Hiring, Retention, and Supervision.

There is no evidence or detailed discussion of any material evidence or witness that The Bungalow withheld and later sought to introduce, nor does Plaintiff state what he needed that was unavailable because of the non-disclosure. Further, there is no assertion that The Bungalow used any undisclosed evidence in the deposition or in any motion. In fact, The Bungalow did not use any undisclosed evidence at Plaintiff's deposition, which is the only deposition that has been completed in this action.

Plaintiff cannot establish that he was surprised or deprived of critical information and that any such surprise or deprivation was the fault of The Bungalow. Rather, as set forth above, the only prejudice Plaintiff can demonstrate is

the prejudice he caused for himself through his undue delay in serving initial written discovery on The Bungalow.

## V.    PLAINTIFF FAILED TO SUFFICIENTLY MEET AND CONFER

Plaintiff sent an email on June 24, 2025, requesting disclosures and offering an opportunity for The Bungalow to cure any non-service, yet filed this Motion less than two weeks later, without evidence of further follow-up, stipulation, or meet and confer efforts.

Plaintiff states that The Bungalow "never responded," but offers only a single unacknowledged email. Thus, the opportunity for cure was inadequate, and Plaintiff failed to engage in any diligent follow-up. Moreover, The Bungalow has since disclosed its known witnesses and documentary evidence to Plaintiff, not only through its responses to Plaintiff's recently served initial written discovery requests, but also in the parties' proposed Joint Witness and Joint Exhibit lists, which were circulated to all parties via email on July 25, 2025.

Even assuming The Bungalow had served disclosures on June 24, 2025, at the time of Plaintiff's request and in response to Plaintiff's email, Plaintiff would not have been permitted to amend his Complaint to add additional parties, causes of action, or theories of liability, for the same line of reasoning set forth by Judge Court, and the fact that Plaintiff already had the requested information by way of The Bungalow's discovery responses. As such, there were not any witnesses or documents withheld from disclosure for which Plaintiff can base this Motion, nor did Plaintiff meaningfully meet and confer regarding the basis for this Motion. As such, The Bungalow respectfully requests that this Motion be denied.

## VI.    SANCTIONS ARE NOT WARRANTED AND PLAINTIFF'S REQUEST FOR SANCTIONS IS GROSSLY DISPROPORTIONATE

Plaintiff seeks the extreme penalty of total preclusion (including barring the use of Plaintiff's deposition testimony obtained with The Bungalow's participation) as well as "other sanctions the Court may deem appropriate." However, the motion

does not discuss whether a less severe sanction (such as a continuance, supplementation of disclosures, or limitation of witness testimony) would be sufficient to cure any prejudice. Importantly, The Bungalow has since served formal disclosures, which mirror the information and documents already disclosed to Plaintiff through various other means, including written discovery responses and the parties' proposed joint witness and evidence lists.

Plaintiff has failed to present any viable argument as to why preclusion is the least drastic and most appropriate remedy given the facts presented, and preclusion is grossly disproportionate to The Bungalow's conduct at issue, given that The Bungalow has effectively disclosed its known witnesses and documentary evidence to Plaintiff. Plaintiff has not disputed any such disclosure, and only argues that the disclosures weren't made via formal document entitled "Disclosures." Nevertheless, Plaintiff has the information and documents in his possession.

## VII. CONCLUSION

For the reasons set forth above, The Bungalow respectfully requests that Plaintiff's Motion be denied.

DATED: August 20, 2025        WOOD, SMITH, HENNING & BERMAN LLP

By: _____
REBECCA M. GABROY
SARAH STILZ
Attorneys for THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC

# PROOF OF SERVICE

**Yeung, Christian v. The Bungalow Huntington Beach, LLC, et al.**
**Case No. 30-2023-01328339-CU-CR-CJC**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On August 20, 2025, I served the following document(s) described as **DEFENDANT, THE BUNGALOW HB, LLC dba THE BUNGALOW HUNTINGTON BEACH, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE USE OF UNDISCLOSED EVIDENCE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2025, at Los Angeles, California.

/s/ Yareem G. Lopez
Yareem G. Lopez

**SERVICE LIST**
**Yeung, Christian v. The Bungalow Huntington Beach, LLC, et al.**
**Case No. 30-2023-01328339-CU-CR-CJC**

| | |
|---|---|
| CHRISTIAN YEUNG<br>P.O. Box 21015<br>Los Angeles, CA 90021<br>P: (626) 393-3313<br>Email: christianyeung@hotmail.com<br>**Plaintiff in Pro Per** | Andrew Kornoff<br>Office of the City Attorney – City of Huntington Beach<br>2000 Main St, P.O. Box 190<br>Huntington Beach, CA 92648<br>Tel: (714) 536-5555 / Fax: (714) 374-1590<br>Email: andrew.kornoff@surfcity-hb.org<br>**Attorneys for Defendants, HUNTINGTON BEACH POLICE DEPARTMENT, OFFICER JOSEPH E. GILES, OFFICER CAMERON J. HOULSTON and OFFICER LUCAS PATRICK** |